SUNDBERG, Justice,
concurring specially-
I concur in the judgment of the Court which denies the application of twenty-five members of The Florida Bar requesting a secret mail ballot of all active members of the Bar upon the amount of annual dues to be paid during each fiscal year. I believe, however, that the reasons for my concurrence should be articulated. Those reasons relate essentially to the system of government under which The Florida Bar is to function. As expressed by Justice England in a concurring opinion shortly over a year ago,[1] the decision was made some years ago [2] that the form should be representative rather than autocratic. Similarly, this Court decided in 1966 that the form of government of The Florida Bar would not be a pure democracy, as opposed to a representative democracy.[3] Thus it appears incongruous at this time to superimpose a referendum requirement upon the budgetary process of the Bar. As noted by Justice England, the mechanics have been provided in The Florida Bar Integration Rule and Bylaws for open election of Board of Governors representatives from each judicial circuit through mail ballot.[4] If the circuit representatives to the Board of Governors do not represent the sentiments of their constituents in budgetary and dues increase matters, there is full recourse, if availed, to “throw the rascals out” and replace them with rascals more to the liking of the “grass *DCCLXXXIII roots” lawyers of this state. This is the American, representative form of government way.
It is contended that this form of government should somehow be mutated because lawyers who wish to practice in Florida are compelled to be members of an integrated bar. But by the same token those who desire to maintain citizenship in this state are compelled to pay the taxes levied by the Florida Legislature. Although it' is not purely democratic to permit the legislature to levy taxes and appropriate the funds derived thereby without a referendum of the people each biennium, no one would seriously contend that such a procedure should be invoked. It would stultify the operation of government in this state. Just as the members of the legislature must make the hard decision to increase taxes when in their collective judgment it is the proper course for the state, so must the members of the Board of Governors recommend a dues increase to this Court when indicated. The check on unreasonable or arbitrary action by those bodies is in each instance the same — the ballot box.
Accordingly, I would reject a referendum altogether — whether at the annual meeting (the value of which I believe to be illusory) or by mail ballot. But that is not to say that there cannot be improvement in the budgetary process to ensure input by the rank and file membership of the Bar before the ultimate policy decisions are made. As The Florida Bar points out in its response, the Integration Rule currently requires the approval of this Court and of the membership at an annual meeting only of increases in the dues cap.[5] There is no requirement that the annual budget be approved by any authority other than the Board of Governors.[6] Absent a budget requiring an increase in the dues cap, the budget process is as follows:
(i) Pursuant to published notice the Budget Committee meets in public session to receive suggestions from members of the Bar concerning preparation of the annual budget.[7]
(ii) After receipt and consideration of suggestions at the public meeting, the Budget Committee prepares and files with the executive director a tentative budget for the ensuing fiscal year.[8]
(iii) Upon consideration of the tentative budget prepared by the Budget Committee, the Board of Governors adopts a proposed budget.[9]
(iv) The proposed budget together with notice’of a meeting of the Board of Governors to consider written objections thereto is published by the executive director. This notice advises that absent receipt of written objections from members the proposed budget shall become final.[10]
(v) If written objections are received then at the designated meeting a hearing is held on the objections. After the hearing and consideration of the objections, the Board may amend the proposed budget within the scope of the objections. The budget, approved by the Board after the hearing (amended or not), or the proposed budget if no written objections are filed, becomes the budget of The Florida Bar for the succeeding fiscal year.[11] That budget is filed with this Court on or before June 30 in each year without any requirement of hearing or approval by the Court.[12]
The budgetary procedure outlined in the Integration Rule is superficially sound from the standpoint of procedural due process. In practice, however, it contains the seeds of unfairness which is perceived to exist in the rule calling for ratification of a dues *DCCLXXXIV cap increase at an annual meeting. The cost and hardship inherent in travelling to a single distant location has a chilling effect on member participation. Accordingly, without predetermining the exact procedure to accomplish greater member participation, I believe it would be beneficial to provide multiple hearings at several locations throughout the state, both at the Budget Committee and Board of Governors stages of budget development. It would also be well to memorialize the suggestions or objections of the participants for later review, if necessary, by the Board and by this Court. In this regard I suggest that the final budget as approved by the Board of Governors be filed for approval with this Court, so that interested parties could make their views known before the budget goes into effect. By this suggestion I do not intimate a broader scope of budget review by this Court than was suggested by Justice England in his concurring opinion in the dues increase proceeding last before this Court. Such review would not test the wisdom of the judgments made or priorities established by the Board of Governors. Our review should be limited to assuring that (i) procedural due process was observed and (ii) the purposes proposed for collection and expenditure of dues are within the scope of the Bar’s responsibility as agent of this Court, i. e., lawyer discipline and general improvement of the administration of justice in this state.
I am not unmindful of the added demands which these suggestions will place upon the time and energy of those who contribute their talents without compensation to the organized bar. Nor do I fail to appreciate that inordinate delays must be avoided in order to finalize a budget each year. Workable time frames for comment, objections and hearings will have to be established. Because I cannot anticipate all the factors which might be involved in a resolution of the concerns here expressed, I would direct The Florida Bar to consider the subject in light of these concerns and make a recommendation to the Court within a time certain for revision of the existing procedure.
ENGLAND, C. J., concurs.

. In re Amendment to Integration Rule and Bylaws of Florida Bar Dues, 358 So.2d 1363 (Fla. 1978) (England, J., concurring).

. Petition of Florida State Bar Ass’n, 40 So.2d 902 (Fla. 1949).

. In re The Florida Bar, 184 So.2d 649 (Fla. 1966) (O’Connell, J., concurring specially).

. Fla. Bar Integr. Rule, art. Ill; Fla. Bar Integr. Rule Bylaws art. Ill, § 3.

. Fla. Bar Integr. Rule, art. VIII, § 1, and art. IX, § 7.

. Fla. Bar Integr. Rule, art. IX, § 6.

. Fla. Bar Integr. Rule, art. IX, § 2.

. Fla. Bar Integr. Rule, art. IX, § 3.

. Fla. Bar Integr. Rule, art. IX, § 4.

. Fla. Bar Integr. Rule, art. IX, § 5.

. Fla. Bar Integr. Rule, art. IX, § 6.

. Fla. Bar Integr. Rule, art. IX, § 8.